## UNITED STATES v. NESBITT FRUIT PRODUCTS, Inc.*

### No. 8748.

Circuit Court of Appeals, Fifth Circuit.
May 24, 1938.

Rene A. Viosca, U. S. Atty., and Robert Weinstein, Asst. U. S. Atty., both of New Orleans, La.

George Seth Guion, of New Orleans, La., John E. O'Hora, and M. J. Donnelly, both of Chicago, Ill., and C. J. Lynch, Jr., of Cedar Rapids, Iowa, for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The appeal is from a judgment of the court, jury having been waived, which refused to condemn and forfeit 492 cases of one gallon jugs labelled "Nesbitt's California Orange Juice Sweetened", with ingredients and directions following. The amended libel asserted "That the aforesaid product is adulterated in violation of section 7 of the Food & Drugs Act, paragraph fourth, in the case of food, 21 U.S.C.A. § 8, Food, par. 4, in that orange juice, orange peel flavor, sugar and acid have been mixed and colored in a manner whereby inferiority is concealed"; and "That the aforesaid product is misbranded within the meaning of the Food & Drugs Act, § 8, 21 U.S.C.A. § 9, general paragraph and paragraph second, in the case of food, in that the statement on the label Orange Juice Sweetened is false and misleading and tends to deceive and mislead the purchaser as applied to a product containing approximately 50% of added sugar." The only question is whether the evidence required a finding that either of these allegations is sustained.

As to the misbranding, the contention was that in the trade "Orange Juice Sweetened" is used to indicate a sugar content of about 15%, whereas Nesbitt's product had over 50% sugar. The court was justified in finding that the phrase "Orange Juice, sugar added", had been applied to products having about 15% sugar, and that "Syrup" was applied to products hav-

*Rehearing denied — F.2d —.

ing about 65% sugar, but that there was no special meaning in the trade of the term "sweetened". The label in question has been used on Nesbitt's product for ten years. In the natural meaning of the word "sweetened" there is no implication of any particular percentage of sugar. We find no falsity in the label on this point, the only one alleged in the libel.

On the question of adulteration, the Act declares a food adulterated: "Fourth. If it be mixed, colored, powdered, coated, or stained in a manner whereby damage or inferiority is concealed." 21 U.S.C.A. § 8. Nesbitt's product is not claimed to be damaged goods. The sole question is on the concealment of inferiority by mixing and coloring. Inferiority is a term of comparison. It implies some standard. That standard must be found in the usual qualities of the thing which the product under question purports to be. If Nesbitt's product purported to be orange juice, we should look to see if inferior orange juice was mixed and colored to conceal the inferiority. But it does not profess to be mere orange juice, but orange juice sweetened; and the label on the jugs does not stop there, but states there has been added fruit acid, certified color, and .01% Benzoate of Soda, and gives "Directions: Use one part with five parts plain water well iced." It is thus offered as a basis for dilution into an iced drink, with the statement that it is a mixture of orange juice, sugar, fruit acid, certified color and benzoate of soda. The evidence shows that the label is entirely truthful, and that all the ingredients are pure and harmless. The coloring matter, called sunset yellow, is approved by the Food & Drugs Administration as proper for use in foods. The color of the product is far deeper than that of orange juice, and looking at it one would know that it was not mere orange juice. But when diluted in the customer's presence by the retailer, it becomes of about the color of orange juice and simulates its taste. It is true that the beverage which the retailer thus prepares and sells is inferior to pure orange juice in its vitamin content, and the added color tends to conceal the weakness of the orange juice content, but this beverage is not shipped in interstate commerce, and its preparation and sale is not within the Food & Drugs Act. The retailer who buys these jugs of Nesbitt's product, which are shipped in interstate commerce, does not buy them as orange juice but as a mixture whose ingredients are disclosed from which he may prepare a beverage. In practice the jug is placed upon the retailer's counter with the full label in plain view, and the dilution is made in the customer's presence. There is intended by the producer no concealment of the fact that there is used a synthetic mixture based on orange juice sweetened. Every ingredient being pure and wholesome, color being openly added not to conceal anything but to make the final result more pleasing to the eye, we are unable to say that the Nesbitt product is adulterated and to be forfeited.

Judgment affirmed.

FOSTER, Circuit Judge (dissenting).

Conceding that the product is not deleterious to health, it certainly is not orange juice sweetened in the ordinary meaning of those words. It might as well be called sugar acidulated. The words "Orange Juice Sweetened" are in large type. Other parts of the label fairly describing the ingredients are in very much smaller type. It is not probable that a purchaser of a drink made from the compound would notice the fine print. I consider the label tends to deceive and mislead the ultimate purchaser and therefore the article is misbranded within the prohibition of the Food and Drugs Act.

With all due respect, I therefore dissent.